1  LAW OFFICES OF PAUL P. CHENG
2  PAUL P. CHENG (CA 239566)
   ppcheng@paulchenglaw.com
3  JOSEPH K. LEE (CA 289258)
4  jlee@paulchenglaw.com
   PETER A. TRAN (CA 280016)
5  ptran@paulchenglaw.com
6  301 N. Lake Ave., Suite 810
   Pasadena, CA 91101
7  Telephone:  626.356.8880
8  Facsimile:  888.213.8196

9
10 Attorneys for Plaintiff
   Vision Autodynamics, Inc.

11
12          UNITED STATES DISTRICT COURT
13          CENTRAL DISTRICT OF CALIFORNIA

14 VISION AUTODYNAMICS, INC., a          CASE NO. 2:13CV6003 DMG MANx
15 California corporation,
                                          **SECOND AMENDED**
16              Plaintiff,                **COMPLAINT**
17         v.
                                          1. FEDERAL TRADEMARK
18 KASA CAPITAL, LLC, a Minnesota            INFRINGEMENT
   limited liability company; AUTO DIRECT  2. CALIFORNIA COMMON LAW
19 MIDWEST, LLC, a Minnesota limited          TRADEMARK INFRINGEMENT
20 liability company; KASA AUTO PARTS,     3. FEDERAL FALSE
   LLC, a Minnesota limited liability         DESIGNATION OF ORIGIN
21 company; KASA DISTRIBUTION, LLC, a     4. FEDERAL TRADEMARK
22 Minnesota limited liability company;       DILUTION
   STREET BEATS, LLC, a Minnesota        5. CALIFORNIA TRADEMARK
23 limited liability company; AERO            DILUTION
24 DESIGNS USA, INC., a California        6. INTENTIONAL INTERFERENCE
   corporation; JTRSPORT, INC., a            WITH PROSPECTIVE
25 California corporation; LHM               ECONOMIC ADVANTAGE
26 CONSULTING, INC., a California         7. VIOLATION OF CALIFORNIA'S
   corporation; ARASH PIRZAD-ALLAEI,        UNFAIR COMPETITION LAW
27 an individual; KIAN SALEHI-MOSHAEI,    8. COMMON LAW UNFAIR
28 an individual; HO FAI LAM aka CHRIS       COMPETITION
   LAM, an individual; HO MING LAM aka



FILED
CLERK, U.S. DISTRICT COURT

JUN 1 1 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

---

SECOND AMENDED COMPLAINT                                    Page 1 of 25

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

OPUS LAM, an individual; and DOES 1-10,

        Defendants.

---

KASA CAPITAL, LLC, a Minnesota limited liability company,

        Cross-Complainant,

   v.

AERO DESIGNS USA, INC., a California corporation,

        Cross-Defendant.

---

AERO DESIGNS USA, INC., a California corporation,

        Cross-Claimant,

   v.

KASA CAPITAL, LLC, a Minnesota limited liability company,

        Cross-Defendant.

---

KASA CAPITAL, LLC, a Minnesota limited liability company,

Third Party Plaintiff,

   v.

LHM Consulting, Inc., a California corporation,

Third Party Defendant.

---

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

---

SECOND AMENDED COMPLAINT                                   Page 2 of 25

## GENERAL ALLEGATIONS

<u>Parties</u>

1. Plaintiff Vision Autodynamics, Inc. (hereinafter "Plaintiff Vision Auto" or "Vision Auto") is and at all times mentioned herein, a California corporation, with its principal place of business in Chino, California.

2. Defendant Auto Direct Midwest, LLC (hereinafter "Auto Direct Midwest") is a Minnesota limited liability company, with its principal place of business at 800 Nicollet Mall, Suite 1180, Minneapolis, Minnesota 55402.

3. Defendant KASA Auto Parts, LLC (hereinafter "KASA Auto Parts") is a Minnesota limited liability company, with its principal place of business at 2300 Kennedy St. NE, Suite 230, Minneapolis, Minnesota 55413.

4. Defendant KASA Capital, LLC (hereinafter "KASA Capital") is a Minnesota limited liability company, with its principal place of business at 905 Park Ave. S., Suite 200, Minneapolis, Minnesota 55404.

5. Defendant KASA Distribution, LLC (hereinafter "KASA Distribution") is a Minnesota limited liability company, with its principal place of business at 2300 Kennedy St. NE, Suite 230, Minneapolis, Minnesota 55413.

6. Defendant Street Beats, LLC (hereinafter "Street Beats") is a Minnesota limited liability company, with its principal place of business at 905 Park Ave. S., Suite 200, Minneapolis, Minnesota 55404.

7. Defendant Arash Pirzad-Allaei is an individual, with his principal places of residency in Miami-Dade County, Florida and Hennepin County, Minnesota. Arash Pirzad-Allaei is an owner and operator of Auto Direct Midwest, KASA Auto Parts, KASA Capital, KASA Distribution, and Street Beats.

8. Defendant Kian Salehi-Moshaei is an individual, with his principal place of residency in Hennepin County, Minnesota.  Kian Salehi-Moshaei is an owner and operator of Auto Direct Midwest, KASA Auto Parts, KASA Capital, KASA Distribution, and Street Beats.

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

9.  Defendant Aero Designs USA, Inc. (hereinafter "Aero Designs") is a California corporation, with its principal place of business at 1170 Centre Dr. #K, Walnut, California 91789.

10. Defendant JTRSport, Inc. (hereinafter "JTRSport") is a California corporation, with its principal place of business at 1140 Centre Dr. #U, Walnut, CA 91789.

11. Defendant LHM Consulting, Inc. (hereinafter "LHM") is a California corporation, with its principal place of business at 1170 Centre Dr. #K, Walnut, California 91789.

12. Defendant Ho Fai Lam aka Chris Lam (hereinafter "Chris Lam") is an individual, with his principal place of residency in El Monte, California.  Chris Lam is an owner and operator of Aero Designs and JTRSport.

13. Defendant Ho Ming Lam aka Opus Lam (hereinafter "Opus Lam") is an individual, with his principal place of residency in El Monte, California.  Opus Lam is an owner and operator of Aero Designs, JTRSport, and LHM.

14. Defendants Auto Direct Midwest, KASA Auto Parts, KASA Capital, KASA Distribution, Street Beats, Arash Pirzad-Allaei, Kian Salehi-Moshaei, Aero Designs, JTRSport, LHM, Chris Lam, and Opus Lam are hereby referred to as "Defendants."

15. Locations of Defendants include but are not limited to:

- 1140 Centre Dr. #U, Walnut, California 91789;
- 1170 Centre Dr. #J, Walnut, California 91789;
- 1170 Centre Dr. #K, Walnut, California 91789;
- 20819 Currier Road, Suite 100, Walnut, California 91789;
- 2300 Kennedy St. NE, Suite 230, Minneapolis, Minnesota 55413;
- 800 Nicollet Mall, Suite 1180, Minneapolis, Minnesota 55402;
- 823 North 7th Ave., Phoenix, Arizona 85007;
- 905 Park Ave. S., Suite 200, Minneapolis, Minnesota 55404; and
- 929 Portland Ave., #2306, Minneapolis, Minnesota 55404.

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

DOE Amendment

16. Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 15 of this Complaint.

17. Vision Auto is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, each of the Defendants was the agent, representative, partner, independent contractor, and/or employee of the other Defendants, and in committing the actions alleged in this Complaint, were acting within the course and scope of that agency, representation, partnership, contract, and/or employment.  Vision Auto is further informed and believes, and thereon alleges, that each of the fictitiously named Defendants are in some manner responsible for the acts, occurrences, and transactions set forth herein and are legally liable to Vision Auto herein.  Vision Auto is further informed and believes, and thereon alleges, that each of the fictitiously named Defendants took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Vision Auto for the relief prayed for herein.

Potential Sham Corporations of Arash Pirzad-Allaei and Kian Salehi-Moshaei

18. Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 17 of this Complaint.

19. Vision Auto is informed, believes, and thereon alleges that at all times mentioned herein Arash Pirzad-Allaei, Kian Salehi-Moshaei, and DOES 1 through 10, inclusive, have established Auto Direct Midwest, KASA Auto Parts, KASA Capital, KASA Distribution, and Street Beats as mere shams and shells, and illegally organized and operated as the alter egos of Arash Pirzad-Allaei, Kian Salehi-Moshaei, and DOES 1 through 10, inclusive, for the illegal purpose of defrauding the State of Arizona, the State of California, the State of Minnesota, and the United States of America, by, among other acts, avoiding and failing to pay proper taxes as related to the operation of the businesses and to avoid individual liabilities.

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

20. Vision Auto is informed, believes, and thereon alleges that at all times mentioned herein, Arash Pirzad-Allaei, Kian Salehi-Moshaei, and DOES 1 through 10, inclusive, were officers, directors, managing agents, and/or shareholders of Auto Direct Midwest, KASA Auto Parts, KASA Capital, KASA Distribution, and Street Beats, and exercised total and complete dominion and control over same as their alter egos that a unity of interest and ownership existed and exists between Arash Pirzad-Allaei, Kian Salehi-Moshaei, Auto Direct Midwest, KASA Auto Parts, KASA Capital, KASA Distribution, Street Beats, and DOES 1 through 10, inclusive, such that any separateness between them ceased to exist and recognition of the form of Auto Direct Midwest, KASA Auto Parts, KASA Capital, KASA Distribution, and Street Beats would operate as a sham.

21. Vision Auto is informed, believes, and thereon alleges that Auto Direct Midwest, KASA Auto Parts, KASA Capital, KASA Distribution, and Street Beats were at all times inadequately capitalized given the business done by the corporate Defendants, and with the attendant risk of loss, the capitalization was trifling and illusory.

22. Vision Auto is informed, believes, and thereon alleges that Auto Direct Midwest, KASA Auto Parts, KASA Capital, KASA Distribution, and Street Beats were established by Arash Pirzad-Allaei, Kian Salehi-Moshaei, and DOES 1 through 10, inclusive, for the purpose of illegally avoiding and evading the debts and liabilities of actual and potential judgment creditors of Arash Pirzad-Allaei, Kian Salehi, and DOES 1 through 10, inclusive, including, but not necessarily limited to, Plaintiff Vision Auto.

Potential Sham Corporations of Chris Lam and Opus Lam

23. Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 22 of this Complaint.

/ / /

/ / /

---

SECOND AMENDED COMPLAINT

**LAW OFFICES OF PAUL P. CHENG, APC**
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

24. Vision Auto is informed, believes, and thereon alleges that at all times mentioned herein Chris Lam, Opus Lam, and DOES 1 through 10, inclusive, have established Aero Designs and JTRSport as mere shams and shells, and illegally organized and operated as the alter egos of Chris Lam, Opus Lam, and DOES 1 through 10, inclusive, for the illegal purpose of defrauding the State of California and the United States of America, by, among other acts, avoiding and failing to pay proper taxes as related to the operation of the businesses and to avoid individual liabilities.

25. Vision Auto is informed, believes, and thereon alleges that at all times mentioned herein, Chris Lam, Opus Lam, and DOES 1 through 10, inclusive, were officers, directors, managing agents, and/or shareholders of Aero Designs and JTRSport, and exercised total and complete dominion and control over same as their alter egos that a unity of interest and ownership existed and exists between Chris Lam, Opus Lam, Aero Designs, JTRSport, and DOES 1 through 10, inclusive, such that any separateness between them ceased to exist and recognition of the form of Aero Designs and JTRSport would operate as a sham.

26. Vision Auto is informed, believes, and thereon alleges that Aero Designs and JTRSport were at all times inadequately capitalized given the business done by the corporate Defendants, and with the attendant risk of loss, the capitalization was trifling and illusory.

27. Vision Auto is informed, believes, and thereon alleges that Aero Designs and JTRSport were established by Chris Lam, Opus Lam, and DOES 1 through 10, inclusive, for the purpose of illegally avoiding and evading the debts and liabilities of actual and potential judgment creditors of Chris Lam, Opus Lam, and DOES 1 through 10, inclusive, including, but not necessarily limited to, Plaintiff Vision Auto.

/ / /

/ / /

---

SECOND AMENDED COMPLAINT

**LAW OFFICES OF PAUL P. CHENG, APC**
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

<u>Potential Sham Corporation of Arash Pirzad-Allaei, Kian Salehi-Moshaei, Chris Lam, and Opus Lam</u>

28. Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 27 of this Complaint.

29. Vision Auto is informed, believes, and thereon alleges that at all times mentioned herein Arash Pirzad-Allaei, Kian Salehi-Moshaei, Chris Lam, Opus Lam, and DOES 1 through 10, inclusive, have established LHM as a mere sham and shell, and illegally organized and operated as the alter ego of Arash Pirzad-Allaei, Kian Salehi-Moshaei, Chris Lam, Opus Lam, and DOES 1 through 10, inclusive, for the illegal purpose of defrauding the State of California, the State of Minnesota, and the United States of America, by, among other acts, avoiding and failing to pay proper taxes as related to the operation of the business and to avoid individual liabilities.

30. Vision Auto is informed, believes, and thereon alleges that at all times mentioned herein, Arash Pirzad-Allaei, Kian Salehi-Moshaei, Chris Lam, Opus Lam, and DOES 1 through 10, inclusive, were officers, directors, managing agents, and/or shareholders of Defendant LHM and exercised total and complete dominion and control over same as their alter ego that a unity of interest and ownership existed and exists between Arash Pirzad-Allaei, Kian Salehi-Moshaei, Chris Lam, Opus Lam, LHM, and DOES 1 through 10, inclusive, such that any separateness between them ceased to exist and recognition of the form of LHM would operate as a sham.

31. Vision Auto is informed, believes, and thereon alleges that LHM was at all times inadequately capitalized given the business done by the corporate Defendant, and with the attendant risk of loss, the capitalization was trifling and illusory.

/ / /

/ / /

/ / /

SECOND AMENDED COMPLAINT                                    Page 8 of 25

**LAW OFFICES OF PAUL P. CHENG, APC**
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

32. Vision Auto is informed, believes, and thereon alleges that LHM was established by Arash Pirzad-Allaei, Kian Salehi-Moshaei, Chris Lam, Opus Lam, and DOES 1 through 10, inclusive, for the purpose of illegally avoiding and evading the debts and liabilities of actual and potential judgment creditors of Arash Pirzad-Allaei, Kian Salehi, Chris Lam, Opus Lam, and DOES 1 through 10, inclusive, including, but not necessarily limited to, Plaintiff Vision Auto.

The Plaintiff and its Trademark

33. Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 32 of this Complaint.

34. This is an action for (1) Federal Trademark Infringement, 15 U.S.C. § 1114; (2) Common Law Trademark Infringement; (3) Federal False Designation of Origin, 15 U.S.C. § 1125(a); (4) Federal Trademark Dilution, 15 U.S.C. § 1125(c); (5) Intentional Interference With Prospective Economic Advantage; (6) Unfair Competition and False Advertising in Violation of California Business and Professions Code § 17200, *et seq.* and § 17500, *et seq.*; and (7) Palming Off and Common Law Unfair Competition.

35. Vision Auto is the owner of United States Federal Trademark, VFiber®.

36. Vision Auto uses this word mark in conjunction with its business as a seller of automotive products.

37. Vision Auto's products are sold by numerous automotive retailers and are known for their extremely high quality.

38. Websites related to Vision Auto can be found at www.visionautodynamics.com and www.vfiber.com.

39. Like other owners of famous trademarks, Vision Auto suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as the Defendants herein, who wrongfully reproduce and counterfeit Vision Auto's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits.  The natural

and intended byproduct of the Defendants' actions is the erosion and destruction of the goodwill associated with Vision Auto and the "VFiber" name.

## JURISDICTION AND VENUE

40. Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 39 of this Complaint.

41. This is an action for trademark infringement, false designation of origin, trademark dilution, intentional interference with prospective economic advantage, and unfair competition.  It arises because Defendants have been using, without permission, Vision Auto's well-known trademark in connection with the sale of automotive and related products.

42. This action arises in part under 15 U.S.C. §§ 1051-1127 (hereinafter the "Lanham Act"), California Business & Professions Code § 17200, *et seq.* and § 17500, *et seq.*, and California common law.

43. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b), and under the Lanham Act.

44. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and (d) because:  Defendants have conducted business within this district; some Defendants reside in this district; Plaintiff Vision Auto resides in this district; a substantial part of the events or omissions giving rise to the claims occurred here; and many of the witnesses to the events or omissions giving rise to the claims reside here.

## FACTUAL ALLEGATIONS

45. Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 44 of this Complaint.

46. Vision Auto is a well-known company in the business of designing, manufacturing, selling, and distributing automotive and other related products. Vision Auto has continuously sold and produced these products for over a decade.

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

47. Vision Auto's products are sold by numerous automotive retailers and are known for their extremely high quality.

48. Websites related to Vision Auto can be found at www.visionautodynamics.com and www.vfiber.com.

49. Vision Auto owns a famous trademark used in the United States in connection with its products, the VFiber® mark, which has been used extensively in commerce to identify Vision Auto's products.  Since 2003, Vision Auto has advertised, marketed, and distributed its products under the VFiber® mark throughout the United States and internationally.  Through widespread and favorable industry acceptance and recognition, the VFiber® mark has become an asset of substantial value to Vision Auto.  The VFiber® mark is a symbol of Vision Auto's quality products and its goodwill.  The trademark is famous and distinctive.

50. On January 11, 2005, the United States Patent and Trademark Office issued Registration Certificate No. 2917314 to Vision Auto confirming registration of "VFiber" as a trademark upon the Principal Register.  A true and correct copy of the registration information is attached hereto as **Exhibit A**.

51. On July 12, 2011, Vision Auto inadvertently abandoned the 2917314 trademark registration.  However, Vision Auto continued using the "VFiber" mark in commerce, thereby retaining ownership rights in the mark.

52. On November 6, 2012, the United States Patent and Trademark Office issued Registration Certificate No. 4236517 to Vision Auto confirming registration of the same "VFiber" mark as a trademark upon the Principal Register.  A true and correct copy of the registration information is attached hereto as **Exhibit B**.

53. These registrations provide constructive notice of Vision Auto's claim of exclusive ownership of the Registered Mark and constitute prima facie evidence of the validity of the mark, Vision Auto's registration thereof, and Vision Auto's exclusive right to use and license said marks in commerce in connection with the

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

goods specified in said registrations, as provided by Sections 7 and 22 of the Lanham Act, 15 U.S.C. §§ 1057 and 1072.

54. Vision Auto has devoted substantial time, effort, and resources to the development and promotion throughout the interstate and foreign commerce of the United States of the VFiber® mark and of the goods sold under said mark both domestically and internationally.  As a result of Vision Auto's promotional efforts, the purchasing public has come to know, rely upon, and recognize the business, goods, and services of Vision Auto by such name and mark. Furthermore, the purchasing public has come to know, rely upon, and recognize Vision Auto as the source of Vision Auto's high quality automotive and related products marketed under the "VFiber" name.  By virtue of Vision Auto's marketing efforts and expenditures, and as a result of the excellence of its products, Vision Auto's VFiber® mark has achieved a distinctive and valuable reputation, and a high degree of goodwill.

55. Vision Auto is informed and believes that Defendants have used and are continuing to use the "VFiber" as a mark in commerce.  Vision Auto is informed and believes, and on that basis alleges, that Defendants are direct competitors of Vision Auto in this respect.

56. Vision Auto is informed, believes, and thereon alleges that known subsidiaries and websites of Defendants include but are not limited to:

- www.kasacapital.com
- www.acurarsxbodykit.com
- www.bodykits.com
- www.corvettespoiler.com
- www.fordmustangbumper.com
- www.fordmustangperformancechips.com
- www.mustangspoilers.com
- www.myhotaudi.com

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8800 | Fax: (888) 213-8196

- www.myhotbimmer.com
- www.myhotbmw.com
- www.myhotcharger.com
- www.myhoteclipse.com
- www.myhotmercedes.com
- www.myhotmustang.com
- www.myhotprelude.com
- www.myhotprobe.com
- www.myhotrx8.com
- www.myhotvw.com
- www.simplyhidkits.com
- www.streetbeatcustoms.com
- www.yourhotcar.com

57. Defendants have adopted and used the trademark VFiber® in interstate commerce for the production, sale, and/or distribution of automotive goods, despite Vision Auto's established legal rights in the trademark VFiber®. Vision Auto is informed and believes, and on that basis alleges, that Defendants adopted its VFiber® mark with full knowledge of Vision Auto's products and trademark and with the intention that consumers would be confused into believing Defendants' products were sponsored, associated, or affiliated in some way with Vision Auto and its products.

58. Vision Auto has no control over the nature and quality of Defendants' products. Any failure, neglect, or default by Defendants in providing such products will reflect adversely on Vision Auto as the believed source of origin thereof, hampering efforts by Vision Auto to continue to protect its reputation for high quality products. This will cause Vision Auto to lose sales and the benefit of its considerable expenditures to promote its products under its VFiber® mark, all to Vision Auto's detriment.

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

59. Because Vision Auto's and Defendants' services are directly competitive, it is natural for consumers to assume that said services, goods, and their sources are associated or affiliated. Such a result significantly undermines Vision Auto's substantial efforts to establish its identity in this field.

60. Vision Auto has requested that Defendants cease and desist from infringing Vision Auto's trademarks by using "VFiber" in commerce, but Defendants have refused to comply with said request. Despite Vision Auto's requests, Defendants, with actual notice of the infringement, willfully and blatantly continued to advertise, market, and sell products using "VFiber" as a mark. Said acts of infringement will cause further irreparable injury to Vision Auto if Defendants are not restrained by this Court from further violation of Vision Auto's rights, and Vision Auto has no adequate remedy at law.

## I.

## First Cause of Action

### (Federal Trademark Infringement – Vision Auto against all Defendants)

61. Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 60 of this Complaint.

62. Vision Auto owns the federally registered trademark VFiber®, listed above. This trademark has become uniquely associated with, and hence identifies, Vision Auto as the source of high quality automotive and related products.

63. By continuing to produce and sell counterfeit products under the designation VFiber® without Vision Auto's permission, Defendants are likely to cause confusion, to cause mistake, or to deceive consumers into believing, initially and otherwise, that the products they are selling are actually VFiber®-branded products or are produced or endorsed by, or in association with, Vision Auto.

64. Pursuant to 15 U.S.C. § 1114, Defendants' conduct constitutes an infringement of the registered mark.

65. Defendants' adoption and use of a mark so similar to Vision Auto's registered trademark has caused and continues to cause irreparable injury to Vision Auto's name and mark, as well as to Vision Auto's business, goodwill, and reputation.

66. Vision Auto's VFiber® mark is inherently distinctive and/or has acquired secondary meaning as to the source of all goods advertised, marketed, sold, or used in connection with the VFiber® mark.

67. Vision Auto has not authorized, licensed, or given permission to Defendants to use the VFiber® mark, or any confusingly similar mark, in relation to, without limitation, the infringing products and services being marketed, advertised, sold, imported, or distributed by Defendants using the VFiber® mark.

68. Unless an injunction is issued enjoining any continuing or future infringing use of the VFiber® mark as well as counterfeiting by Defendants, such use and counterfeiting is likely to continue to cause confusion, mistake, or deceit as to the source, origin, affiliation, or sponsorship, thereby irreparably damaging Vision Auto.

69. As a result of Defendants' infringement of the VFiber® mark, Vision Auto has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Vision Auto in its federally registered mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Vision Auto has no adequate remedy at law. Vision Auto will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

70. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to an order enjoining Defendants from using the VFiber® mark, or any mark confusingly similar thereto, in connection with producing, marketing, advertising, selling, or distributing any products related to the VFiber® mark in retail stores and online retail store services featuring the same.

/ / /

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

71. Defendants' actions as described above are deliberate, willful, fraudulent, and without extenuating circumstances, constitute a knowing violation of Vision Auto's rights. Vision Auto is therefore entitled to recover three (3) times Defendants' profits or Vision Auto's actual damages, whichever amount is greater, together with attorneys' fees and costs incurred in this action, as this is an "exceptional" case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

72. Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, Vision Auto is also entitled to a court order for the seizure and destruction of all infringing articles.

## II.

## Second Cause of Action

### (California Common Law Trademark Infringement –
### Vision Auto against all Defendants)

73. Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 72 of this Complaint.

74. Defendants' acts constitute common law trademark infringement under state law.

75. Vision Auto has been damaged and will continue to be damaged by Defendants' infringing and counterfeiting activities.

76. Vision Auto is entitled to an injunction prohibiting Defendants from continuing the infringing and counterfeiting practices described herein.

77. Pursuant to Cal. Bus. & Prof. Code § 14250, Vision Auto is also entitled to up to three (3) times the profits from, and up to three (3) times all damages suffered by reason of Defendants' wrongful use of a mark confusingly similar to the VFiber® mark.

78. Vision Auto is further entitled to a court order for the seizure and destruction of all infringing articles.

/ / /

/ / /

/ / /

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

# III.

## Third Cause of Action

### (Federal False Designation of Origin – Vision Auto against all Defendants)

79. Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 78 of this Complaint.

80. By virtue of the widespread and longstanding provision of goods and services under the VFiber® mark, the VFiber® mark has come to identify the source of such goods and services and to distinguish those goods and services from those of others. By virtue of the quality of the products and services provided under the VFiber® mark, the mark has come to identify the source of such goods and services and Vision Auto has established enormous goodwill in the mark.

81. Vision Auto's VFiber® mark has become uniquely associated with, and hence identifies, Vision Auto as the source of VFiber® products. Defendants' unauthorized interstate use of the designation "VFiber" is a trademark infringement and false designation of origin, or a false representation, which wrongfully and falsely designates Defendants' products as originating from, being connected with, sponsored by, or associated with, Vision Auto, and constitutes the use of false descriptions or representations in interstate commerce. Defendants' use of "VFiber" is likely to deceive consumers into believing that Defendants' products are those of or associated with Vision Auto, and as a consequence, Defendants' use is likely to divert, and has already diverted, consumers away from Vision Auto's products.

82. Defendants' actions described above, and specifically, Defendants' use of "VFiber" to promote its goods to the same audience as that for Vision Auto's goods constitutes trademark infringement, a false designation of origin, and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

/ / /

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

83. Defendants' use of "VFiber," as well as Defendants' adoption and use of a mark so similar to Vision Auto's VFiber® mark has caused, and continues to cause, irreparable injury to the value and goodwill of Vision Auto's mark, as well as to Vision Auto's business, goodwill, and reputation.  Defendants' actions, if not enjoined, will continue, including the sale of its products through the same channels of trade used by Vision Auto and to the same customers targeted by Vision Auto and its authorized distributors.  Vision Auto has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

84. As a result of Defendants' aforesaid conduct, Vision Auto has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Vision Auto in its federally registered mark.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Vision Auto has no adequate remedy at law.  Vision Auto will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

85. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to an order enjoining Defendants from using the VFiber® mark, or any mark confusingly similar thereto, in connection with producing, marketing, advertising, selling, or distributing any products related to the VFiber® mark in retail stores and online retail store services featuring the same.

86. As a result of Defendants' false designation of origin and unfair competition, Vision Auto has incurred and will continue to incur damages in an amount to be proven at trial consisting of, among other things, actual diversion of trade and diminution in the value of the goodwill associated with its trademark.

87. Defendants' actions as described above are deliberate, willful, fraudulent, and without extenuating circumstances, constitute a knowing violation of Vision Auto's rights.  Vision Auto is therefore entitled to recover three (3) times Defendants' profits or Vision Auto's actual damages, whichever amount is

**LAW OFFICES OF PAUL P. CHENG, APC**
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

greater, together with attorneys' fees and costs incurred in this action, as this is an "exceptional" case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

88. Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, Vision Auto is also entitled to a court order for the seizure and destruction of all infringing articles.

## IV.

## Fourth Cause of Action

## (Federal Trademark Dilution – Vision Auto against all Defendants)

89. Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 88 of this Complaint.

90. Vision Auto has devoted substantial resources to developing public awareness of the VFiber® mark among consumers within the interstate and foreign commerce of the United States.  As a result of these efforts, the VFiber® mark has become recognized among consumers in this country and abroad as a highly distinctive indicator of the origin of Vision Auto's high quality automotive and related products and, as such, has become distinctive and famous as an indicator, as such term is defined in the Lanham Act, 15 U.S.C. § 1125(c)(2).

91. Defendants' unauthorized use and commercial misappropriation of the designation "VFiber" in commerce began long after Vision Auto's VFiber® mark became famous and has caused dilution of the distinctive quality of Vision Auto's VFiber® mark.  As a result, Vision Auto is entitled to the relief set forth under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

92. Defendants' conduct is the result of their willful and wanton disregard for Vision Auto's established and superior rights.  Defendants willfully intended to trade on Vision Auto's goodwill and reputation and to cause dilution of Vision Auto's famous VFiber® mark.

/ / /

/ / /

/ / /

93. As a result of Defendants' dilution of Vision Auto's name and mark, Vision Auto has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Vision Auto in its federally registered mark.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Vision Auto has no adequate remedy at law.  Vision Auto will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

94. Defendants' actions as described above are deliberate, willful, fraudulent, and without extenuating circumstances, constitute a knowing violation of Vision Auto's rights.  Vision Auto is therefore entitled to recover three (3) times Defendants' profits or Vision Auto's actual damages, whichever amount is greater, together with attorneys' fees and costs incurred in this action, as this is an "exceptional" case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

95. Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, Vision Auto is also entitled to a court order for the seizure and destruction of all infringing articles.

## V.

### Fifth Cause of Action

### (California Trademark Dilution – Vision Auto against all Defendants)

96. Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 95 of this Complaint.

97. The VFiber® mark is famous under California Business and Professions Code § 14247.

98. Defendants' unauthorized use and commercial misappropriation of the designation "VFiber" in commerce began long after Vision Auto's VFiber® mark became famous and has caused dilution of the distinctive quality of Vision Auto's VFiber® mark.

99. Defendants' conduct is the result of their willful and wanton disregard for Vision Auto's established and superior rights.  Defendants willfully intended to trade on

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

Vision Auto's goodwill and reputation and to cause dilution of Vision Auto's famous VFiber® mark.

100. Vision Auto has suffered, and, unless Defendants are enjoined, will continue to suffer, irreparable injury as a result of Defendants' unlawful actions and have no adequate remedy at law.

101. Vision Auto is further entitled to recover from Defendants the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above.  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Vision Auto.

## VI.

### Sixth Cause of Action

### (Intentional Interference With Prospective Economic Advantage –
### Vision Auto against all Defendants)

102. Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 101 of this Complaint.

103. Defendants, and each of them, knew of Vision Auto's ongoing business relationships with various distributors and retailers, and knew of Vision Auto's marketing at various trade shows, on the internet, and otherwise, to distributors and retailers across the country.  Defendants knew of Vision Auto's previous and existing distribution and marketing of the VFiber® line of products.

104. Through their failure to support Vision Auto and the VFiber® line of products, and through their bad faith dealings with Vision Auto, Defendants, and each of them, intentionally interfered with Vision Auto's prospective economic advantage from the tremendous goodwill Vision Auto had developed.  As a direct result of Defendants' actions and omissions, Vision Auto has been damaged in an amount to be proven at trial.

/ / /

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

105.   Defendants' actions were undertaken with fraud, malice, and oppression, and with a conscious disregard for the rights of Vision Auto, and, therefore, Vision Auto is entitled to an award of exemplary and punitive damages against Defendants, and each of them, in an amount to be determined at trial.

## VII.

## Seventh Cause of Action

## (Unfair Competition and False Advertising in Violation of Cal. Bus. & Prof. Code § 17200, *et seq.* and § 17500, *et seq.* – Vision Auto against all Defendants)

106.   Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 105 of this Complaint.

107.   By virtue of Defendants' acts as pleaded above, Defendants have engaged in unlawful, unfair, and/or fraudulent business practices and false advertising pursuant to California Business and Professions Code §§ 17200 and 17500.

108.   Defendants are responsible for untrue and misleading advertising that they knew, or should have known, to be untrue and misleading.  Defendants deceived the consuming public into believing that Defendants were selling Vision Auto products, when in fact, they were delivering counterfeit or non-genuine products bearing the VFiber name.

109.   Defendants' acts of unfair competition and false advertising have caused and continue to cause substantial pecuniary losses and irreparable injury to the value and goodwill of Vision Auto's VFiber® mark, as well as to Vision Auto's business, goodwill, and reputation.  Defendants' actions, if not enjoined, will continue through the same channels of trade used by Vision Auto and its authorized distributors, and to the same customers targeted by Vision Auto and its authorized distributors.  Vision Auto has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

/ / /

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

110.   As a result of Defendants' acts of unfair competition and false advertising, Vision Auto has incurred damages in an amount to be proven at trial consisting of, among other things, actual diversion of its trade and diminution in the value of goodwill associated with Vision Auto and the VFiber® mark.

111.   Vision Auto is also entitled to temporary, preliminary, and permanent injunctive relief prohibiting Defendants from continuing the practices alleged herein.

## VIII.

### Eighth Cause of Action

### (Palming Off and Common Law Unfair Competition –

### Vision Auto against all Defendants)

112.   Vision Auto incorporates herein all of the allegations contained in Paragraphs 1 through 111 of this Complaint.

113.   Defendants' actions constitute "palming off," a form of unfair competition under state law.

114.   Defendants simulated and imitated the goods of Vision Auto, a rival and competitor in the industry, with the purpose of deceiving the unwary public into buying the imitations under the impression that it was purchasing the goods of Vision Auto.

115.   Defendants willfully intended to benefit from Vision Auto's goodwill and reputation.  By virtue of Defendants' acts as pleaded above, Defendants have engaged in unfair competition with Vision Auto.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

# IX.

## Prayer for Relief

**WHEREFORE**, Plaintiff Vision Autodynamics, Inc. prays for relief against Defendants as follows:

1. That Defendants, their officers, agents, employees, and attorneys, and all those persons in active concert or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

    a. Using the "VFiber," or any other mark identical or confusingly similar to the VFiber® trademark, the Registered Mark, or any confusingly similar designation alone or in combination with other words, as a trademark, trade name, or otherwise, to market, advertise, or identify Vision Auto's products;

    b. Otherwise infringing any of Vision Auto's marks;

    c. Unfairly competing with Vision Auto in any manner whatsoever; and

    d. Causing likelihood of confusion or injury to business reputation of Vision Auto's symbols, labels, or forms of advertisement.

2. That Defendants be directed to file with the Court and serve on Vision Auto within ten (10) days after the service of the injunction herein, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith;

3. That Defendants be required to deliver up and destroy all products, devices, literature, advertising, and other materials bearing the infringing designation;

4. That Vision Auto be awarded Defendants' trademark infringement profits after an accounting, damages sustained by Vision Auto, the costs of the action, and that such an award be trebled, pursuant to 15 U.S.C. § 1117(a), or alternatively, that Vision Auto be awarded three (3) times such profits or damages, whichever amount is greater, pursuant to 15 U.S.C. § 1117(b);

5. That Vision Auto be awarded past and future corrective advertising costs;

6. That Vision Auto be awarded exemplary and punitive damages, an amount to be determined;

7. That Vision Auto recover from Defendants its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a) and (b); and

8. That Vision Auto have such other and further relief as the Court may deem just.

## X.

### Demand for Jury Trial

Vision Autodynamics, Inc. hereby demands a trial by jury of all issues so triable.


DATED:  June 11, 2013                LAW OFFICES OF PAUL P. CHENG
                                     PAUL P. CHENG
                                     JOSEPH K. LEE
                                     PETER A. TRAN


                                     By  /s/ Joseph K. Lee
                                        JOSEPH K. LEE
                                     Attorneys for Plaintiff
                                     VISION AUTODYNAMICS, INC.

LAW OFFICES OF PAUL P. CHENG, APC
301 N. Lake Ave., 8th Floor
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

# EXHIBIT A

# EXHIBIT A