RICARDO Y. MERLUZA (SBN: 199495)
ricardo@bermeomerluza.com
**BERMEO & MERLUZA**
3435 Wilshire Blvd., Suite 2744
Los Angeles, CA 90010
Phone: (213) 380-9888
Fax: (818) 380-5397

ALFRED H. CHAN (SBN: 216767)
achan@ahchanlaw.com
**A.H. CHAN LAW FIRM, PC**
805 West Duarte Road, Suite 106
Arcadia, California 91007
Phone: (626) 821-9094
Fax: (626) 821-8746

Attorneys for Defendants AERO DESIGNS USA, INC.,
JTR SPORT, INC., a California corporation;
LHM CONSULTING INC., a California corporation;
CHRIS LAM, an individual; and OPUS LAM,
an individual

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISION AUTODYNAMICS, INC., a California corporation,<br><br>            Plaintiff,<br><br>        v.<br><br>KASA CAPITAL, LLC, a Minnesota limited liability company; AUTO DIRECT MIDWEST, LLC, a Minnesota limited liability company; KASA AUTO PARTS, LLC, a Minnesota limited liability company; KASA DISTRIBUTION, LLC, a Minnesota limited liability company; STREET BEATS, LLC, a Minnesota limited liability company; AERO DESIGNS USA, INC., a California corporation; JTRSPORT, INC., a California corporation; LHM CONSULTING INC., a California corporation; ARASH PIRZAD-ALLAEI, an individual; KIAN SALEHI-MOSHAEI, an individual; HO FAI LAM aka CHRIS | CASE NO. 2:13CV6003 DMG MANx<br><br>**APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT BETWEEN PLAINTIFF VISION AUTODYNAMICS, INC., AND DEFENDANTS AERO DESIGNS USA, INC., JTR SPORT, INC., LHM CONSULTING INC., HO FAI LAM, aka CHRIS LAM AND HO MING LAM, aka OPUS LAM; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALFRED H. CHAN IN SUPPORT THEREOF**<br><br>**Application Hearing Date:** August 29, 2013<br>**Time:** 9:30 AM<br>**Court Room:** 7 |

-1-

LAM, an individual; HO MING LAM aka OPUS LAM, an individual; and DOES 1-10,

        Defendants.

KASA CAPITAL, LLC, a Minnesota limited liability company,

        Cross-Complainant,

    v.

AERO DESIGNS USA, INC., a California corporation,

        Cross-Defendant.

AERO DESIGNS USA, INC., a California corporation,

        Cross-Claimant,

    v.

KASA CAPITAL, LLC, a Minnesota limited liability company,

        Cross-Defendant.

**Location:** 312 North Spring Street, Los Angeles, CA 90012
**Judge:** Hon. Dolly M. Gee

*[Filed Concurrently with Declaration of Alfred H. Chan In Support; Notice of Settlement; and Proposed Order]*

TO ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

    **PLEASE TAKE NOTICE** that on August 29, 2014, at 9:30 A.M, or as soon thereafter as the matter may be heard, in Court Room 7 of the above-entitled court, located at 312 North Spring Street, Los Angeles, CA 90012, Defendants AERO DESIGNS USA, INC., JTR SPORT, INC., LHM CONSULTING INC., HO FAI LAM, a.k.a. CHRIS LAM and HO FAI LAM, a.k.a. OPUS LAM (hereinafter the "Settling Defendants") will apply to this Court for an order determining that the Settlement Agreement entered into between Plaintiff VISION AUTODYNAMICS, INC.

-2-

1    (hereinafter "Plaintiff") and the Settling Defendants meets the standard of good faith as

2    set forth in *Code of Civil Procedure*, Sections 877 and 877.6, the California Supreme

3    Court case in *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985) 38 Cal.3d 488,

4    213 Ca.Rptr. 256, and that any claims against the settling Defendants for equitable

5    comparative contribution, comparative or total indemnity, and any other third party

6    claims arising out of the instant action are barred.

7            This Application is based upon the attached Memorandum of Points and

8    Authorities, the Notice of Settlement, the Declaration of Alfred H. Chan, the Court file

9    in this matter, and upon such and oral documentary evidence as may be presented before

10   or at the time of the hearing on this matter, should  a motion to contest the good faith of

11   the settlement be filed.

12

13   Dated:  July 25, 2014.

14                                                BERMEO & MERLUZA
                                                  RICARDO Y. MERLUZA

15                                                A.H. CHAN LAW FIRM, PC
                                                  ALFRED H. CHAN

16

17                                                By: */s/ Alfred H. Chan*_____
                                                       Attorneys for Defendants DESIGNS USA,

18                                                     INC., JTR SPORT, INC., a California
                                                       corporation; LHM CONSULTING INC., a

19                                                     California corporation; CHRIS LAM, an
                                                       individual; and OPUS LAM, an individual

20

21

22

23

24

25

26

27

28

DEFENDANTS AERO DESIGNS USA, INC. ET AL'S APPLICATION FOR GOOD FAITH SETTLEMENT

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. UPON APPLICATION, THE COURT MAY ISSUE AN ORDER DETERMINING THE GOOD FAITH OF THE SETTLEMENT**

California *Code of Civil Procedure*, §811.6(a)(2), provides, in pertinent part, as follows:

> "A settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. The application shall indicate the settling parties, and the basis, terms and amounts of the settlement. The notice, application, and proposed order shall be given by certified mail, return receipt requested. Proof of service shall be filed with the court. Within 25 days of the mailing of the notice, application and proposed order, a non-settling party may file a notice of motion to contest the good faith of the settlement. If none of the non-settling parties files a motion within 25 days of mailing of the notice, application, and proposed order, the court may approve the settlement…"

**2. THIS SETTLEMENT**

**a. Identity of Settling Parties.**

The settling parties are Plaintiff VISION AUTODYNAMICS, INC. (hereinafter "Plaintiff") and Defendants AERO DESIGNS USA, INC., JTR SPORT, INC., LHM CONSULTING INC., HO FAI LAM, AKA CHRIS LAM (hereinafter "Chris Lam") and HO MING LAM, AKA OPUS LAM (hereinafter "Opus Lam." (Defendants AERO Designs USA, INC., JTR Sport, INC., LHM Consulting Inc., Chris Lam, and Opus Lam shall hereinafter referred to collectively as the "Settling Defendants").

**b. Amount of Settlement.**

Plaintiff has agreed to dismiss this action *with prejudice* in favor of the Settling Defendants in consideration for the payment of Eighty Thousand Dollars and

-4-

no/100 ($80,000) in full and final settlement of all claims asserted in its Second Amended Complaint, which is the operative pleading, as to the Settling Defendants AERO Designs, Inc., JTR Sport, Inc., LHM Consulting, Inc., Chris Lam, and Opus Lam only.

        **c.**      **Statement of Alleged Facts.**

        This is primarily a trademark infringement action filed by Plaintiff against defendants KASA Capital, LLC (hereinafter "KASA") and its various affiliated entities and individuals, namely, Auto Direct Midwest, LLC, KASA Auto Parts, LLC, KASA Distribution, LLC, Street Beats, LLC, Arash Pirzad-Allaei, and Kian Salehi-Moshaei (collectively, the "KASA Capital Party"), as well as the Settling Defendants.

        Plaintiff is an aftermarket automotive parts (*i.e.,* bodykits) manufacturer and supplier.  It manufactures and sells its own line of bodykits under the name "VFiber." Plaintiff also partners with various parties through a "wholesale distributon program" to maximize the sale of its products.  Under this program, Plaintiff's partners promote VFiber products directly to directly customers.  One of these partners was Defendant KASA who promoted and sold VFiber products through its affiliated websites.   KASA worked with and retained the services of Opus Lam and his companies Aero Designs, Inc. and LHM Consulting, Inc.) as a drop shipment carrier or order process service provider to process and fulfill bodykits orders placed by customers through KASA's affiliated websites.  Defendant Chris Lam is an officer and owner of Aero Designs, USA, Inc. and JTR Sport, Inc., which was dissolved since 2006.

        In its Second Amended Complaint, Plaintiff claims that defendants sold and distributed non-VFiber branded products (exterior car parts, including bumpers) as VFiber-branded products, thereby tarnishing the VFiber brand.   Plaintiff first discovered the alleged infringement through customer complaints, where customers purportedly complained that they ordered VFiber-brand products but received non-VFiber products.  In or around August 2011, Plaintiff issued and sent to KASA a cease and desist letter regarding the alleged infringement.  In or around June 2012, Plaintiff

1   issued and sent to KASA a second cease and desist letter from an attorney regarding the

2   alleged infringement.

3          KASA in turn claims that Opus Lam and his companies shipped non-VFiber

4   products without the consent of KASA.  Accordingly, KASA filed a Crossclaim against

5   the Settling Defendants for indemnity and contribution.  KASA also filed a Third Party

6   Claim against LHM Consulting, Inc., alleging fraud, negligent misrepresentation, and

7   common law indemnity and contribution, in that (1) after KASA's receipt of Plaintiff's

8   cease and desist letter, LHM Consulting, Inc. offered to contact Plaintiff on behalf of

9   KASA in order to resolve the dispute between Plaintiff and KASA and allegedly

10  misrepresented to KASA that the dispute had been resolved but in fact it was not; and as

11  a result of such reliance of LHM Consulting's representation, KASA continued to

12  promote Plaintiff's products for sale on its affiliated websites, which led to this lawsuit;

13  and (2) LHM Consulting, Inc. defrauded KASA by representing to KASA that orders

14  were being fulfilled with the specific products requested by KASA's customers but it

15  did not.  The Settling Defendants have denied these claims, contending that their

16  conducts were with KASA's knowledge, authorization, and consent.

17          **d.     Procedural History**

18          On July 5, 2013, Plaintiff filed its initial Complaint in the Los Angeles Superior

19  Court which was subsequently removed by KASA to the United States District Court

20  for the Central District of California on August 15, 2013.  On August 22, 2013, KASA

21  filed its Answer to Plaintiff's Complaint and Crossclaim against Defendant AERO

22  Designs USA, Inc. for indemnity and contribution.  On September 5, 2013, KASA filed

23  a Third Party Complaint against LHM Consulting, Inc. for fraud, negligent

24  misrepresentation, common law indemnity and common law contribution.   On or

25  around September 12, 2013, Defendant Aero Designs USA, Inc. filed its answer to the

26  Complaint and Crossclaim against KASA for indemnity and contribution.  In or around

27  September 2013, both KASA and Aero Designs USA filed an answer to each other's

28

DEFENDANTS AERO DESIGNS USA, INC. ET AL'S APPLICATION FOR GOOD FAITH SETTLEMENT

1   Crossclaims.  On October 17, 2013, LHM Consulting, Inc. filed an answer to KASA's

2   Third Party Claim.

3        On January 16, 2014, Plaintiff amended its Complaint to add Opus Lam, LHM

4   Consulting, Inc. and JTRSport, Inc. as defendants and add claims of intentional

5   interference with prospective economic advantage and common law unfair competition.

6   KASA filed its Answer to the First Amended Complaint and Crossclaim against the

7   newly added defendants for indemnity and contribution on January 29, 2014.  On March

8   7, 2014, the settling Defendants (except Ho Fai Lam) filed an answer to the First

9   Amended Complaint and Crossclaim against KASA.

10       On June 11, 2014, Plaintiff filed a Second Amended Complaint by adding

11  additional defendants, including one of the Settling Defendants, Ho Fai Lam aka Chris

12  Lam.  On June 26, 2014, KASA Capital Party filed an answer to Second Amended

13  Complaint and Crossclaim against the Settling Defendants.  On July 1, 2014, the

14  Settling Defendants filed an answer to the Second Amended Complaint and Crossclaim

15  against KASA Capital Party.

16       e.    **Discovery Conducted**.

17       The parties in this action have conducted extensive discovery.   Plaintiff had

18  propounded four (4) sets of written discovery requests (consisting of interrogatories,

19  requests for inspection and production of documents, and requests for admission) upon

20  each of the Settling Defendants (except Chris Lam), to which all had been responded.

21  Plaintiff had propounded at least three (3) sets of written discovery requests on KASA,

22  to which all had been responded.  Both Settling Defendants and KASA have had

23  propounded written discovery requests upon Plaintiff, to which all had been responded.

24  In addition, Plaintiff had taken the depositions of Defendant Chris Lam and Opus Lam.

25  Plaintiff also served several subpoenas duces tecum to defendants and third parties to

26  gather necessary information related to this case.

27

28

DEFENDANTS AERO DESIGNS USA, INC. ET AL'S APPLICATION FOR GOOD FAITH SETTLEMENT

**3.     A GOOD FAITH SETTLEMENT DISCHARGES ALL FURTHER LIABILITY OF THE SETTLING PARTY**

**a.     KASA Capital Party's Crossclaim Against the Settling Defendants is Barred Due to the Good Faith Settlement**

When plaintiffs settle with fewer than all of the alleged joint tortfeasors at one time, *Code of Civil Procedure*, §877.6, authorizes the court to determine that the settlement was made in good faith and that all claims against the settling party for equitable comparative contribution or partial or comparative indemnity are barred. Section 877.6 provides, in pertinent part, as follows:

"(a) Any party to an action where it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt shall be entitled to a hearing on the issue of the good faith or the settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors…"

(b) The issue of the good faith or a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counter affidavits filed in response thereto, or the court may, in its discretion, receive other evidence at the hearing.

(c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative indemnity, based on comparative negligence or comparative fault."

Pursuant to §877.6(a)(2), a settling party, in the alternative, may give notice of settlement to all parties together with the application for determination of good faith settlement. After serving these papers upon all parties, if there is no opposition thereto, the Court may approve the settlement without a hearing.  Provided that KASA Capital Party does not contest this determination, all Crossclaim seeking indemnity and contributions against the Settling Defendants is barred due to the good faith settlement.

1

2

**b.   KASA Capital Party's Third Party Claim Against Defendant LHM Consulting, Inc. is Barred Due to the Good Faith Settlement.**

3

4

5

6

KASA Capital Party's Third Party Claim against Defendant LHM Consulting, Inc. consists of claims of Fraud, Negligent Misrepresentation, Common Law Indemnity, and Common Law Contribution.  Under *Code of Civil Procedure* §877.6, all of these claims are barred because of the Good Faith Settlement.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In addition, in the case of *Cal-Jones Properties v. Evans Pacific Corporation* (1989) 216 Cal.App.3d 324, the California Court of Appeals upheld the dismissal of appellant's cross-complaint because Plaintiffs and respondents reached a good faith settlement. In that case, Plaintiffs bought a condominium from appellants and respondents served as the real estate broker. The primary issue was the fraudulent representation of the size of the condominium by appellants and respondents to be about 1500 square feet when the actual size was approximately 1000 square feet. Plaintiffs and respondents reached a settlement with a determination of good faith, subsequently dismissing all cross-complaints against respondents. Appellants objected to this on the grounds that their breach of fiduciary duty claim against the respondents was separate and distinct from their claims for indemnity and should not be barred by the settlement. The Supreme Court has stressed the importance of interpreting section 877.6(c) such that settlement is encouraged as few joint tortfeasors would be willing to settle with the existence of the possibility of other tortfeasors disguised claims of indemnity in affirmative language.  The court has the obligation to discern between legitimate claims and claims of indemnity worded in affirmative language.  Indemnity has been defined as the obligation of one party to make good a loss or damage which another party has incurred.  In *Cal-Jones Properties,* respondents claimed that Plaintiff's damages were a result of appellants' negligence whereas appellants alleged that it was a breach of respondents' fiduciary duty. Ultimately, the indemnity liability rested on the identical failure by both parties to correctly represent the size of the condominium. In both cases, the court found that both claims, appellants' breach of fiduciary duty cause of action and

DEFENDANTS AERO DESIGNS USA, INC. ET AL'S APPLICATION FOR GOOD FAITH SETTLEMENT

respondents' negligence cause of action, were both indemnity actions.  As a result, the Court ruled that the breach of fiduciary duty claim was barred because it was *in effect simply indemnity action* against the respondents.

Similarly, KASA's Third Party Claim against LHM Consulting, Inc. is in effect simply indemnity action.  In its Third Party Claim, KASA's alleged fraud and negligent misrepresentation causes of action referenced the same alleged omissions and/or representations of LHM Consulting, Inc., as in its indemnity claim.  Both KASA Capital Party's indemnity claim and KASA's Third Party Claim derived from the same alleged omissions and/or wrongful actions of LHM Consulting, Inc.  As such, KASA's Third Party Claim for fraud and negligent misrepresentation is merely an indemnity action.

Accordingly, should the Court find this settlement to be of good faith, the Third Party Claim against LHM Consulting, Inc. shall also be barred.

## 4.   THE COURT SHOULD ENTER A FINDING THAT THE SETTLEMENT WAS MADE IN GOOD FAITH

In the landmark case of *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985) 48 Cal.3d 488, 213 Cal.Rptr. 256, the California Supreme Court extensively and authoritatively discussed the factors to be considered in determining whether a settlement is made in good faith. The *Tech-Bilt* court concluded that, in assessing the "good faith" of a settlement, the ultimate determinate of good faith is whether the settlement is grossly disproportionate to what a reasonable person at the time of the settlement would estimate the settlor's liability to be. (*Id.* at pages 499-500). Accordingly, the party opposing the good faith of the settlement has the burden of establishing that "the settlement is so far 'out of the ball park' … to be inconsistent with the equitable objectives of the statute." (*Ibid.*)

In articulating this standard, the court specifically acknowledged that this "reasonable range" test leaves "substantial latitude to the parties and to the discretion of the trial court in determining the issue, in consonance with the generalized valuation criteria of the personal injury bar, insurance claims departments, pretrial settlement

DEFENDANTS AERO DESIGNS USA, INC. ET AL'S APPLICATION FOR GOOD FAITH SETTLEMENT

1    courts and the judge's personal experience and of experts in the field." (*Id.* at page 500)

2    In that regard, the court understood "that a settlor should pay less in settlement than he

3    would if he were found liable after trial." (*Id.* at page 499; see also *Abbott Ford, Inc. v.*

4    *Superior Court* (1987) 43 Cal.3d 858, 881-882, 239 Cal.Rptr. 626) In the words of the

5    *Tech-Bilt* court, determination of whether the settlement is in or out of the "ballpark":

6                   "…requires that a number of factors be taken into account including a

7                   rough approximation of plaintiff's total recovery and the settlor's

8                   proportionate liability, the amount paid in settlement, the allocation of

9                   settlement proceeds among plaintiffs, and a recognition that a settlor should

10                  pay less in settlement than he would if he were found liable in a trial. Other

11                  relevant considerations include the financial conditions and insurance

12                  policy limits of settling defendants, as well as the existence of collusion,

13                  fraud or tortious conduct aimed to injure the interests of non-settling

14                  defendants. (Citations omitted) Finally, practical considerations obviously

15                  require that the evaluation be made on the basis of information available at

16                  the time of settlement…The party asserting the lack of good faith, who has

17                  the burden of proof of that issue…should be permitted to demonstrate, if he

18                  can, that the settlement is so far 'out of the ballpark' in relation to these

19                  factors as to be inconsistent with the equitable objective of the statute."

20                  (*Tech-Bilt, Inc. v. Woodward-Clyde & Associates, supra*, 48 Cal.3d at

21                  pages 499-500.)

22         The court in *Tech-Bilt* specifically acknowledged that there can be a finding of

23   good faith even where the sums paid in settlement are grossly disproportionate to the

24   sums prayed for in the complaint, or where the potential liability of the defendant is

25   small when compared with an evaluation of the plaintiff's total recovery potential.

26   (*Tech-Bilt, Inc. v. Woodward-Clyde & associates, supra*, 48 Cal.3d at page 501.)

27

28

The Settlement Agreement between Plaintiff Vision Auto and the Settling Defendants meets the prima facie requirements of a good faith settlement as set forth in *Tech-Bilt, Inc. v. Woodward-Clyde & associates, supra*, and its progeny.

The settlement with the Settling Defendants is clearly appropriate and within the "reasonable range" and "within the ballpark" as contemplated by the court in *Tech-Bilt*. Consequently, this settlement is reasonable and should, therefore, be determined to be in good faith.

**5.     THERE IS NO COLLUSION, FRAUD OR TORTIOUS CONDUCT AIMED TO INJURE THE INTEREST OF THE CO-DEFENDANTS IN THE NEGOTIATION OF THE SETTLEMENT**

The Settlement Agreement between Plaintiff and Settling Defendants was made with honest and lawful intent and does not contain any terms, conditions or promises, either intended or implied, that aimed to injure the interest of the co-defendants or any other parties.  There was no collusion, fraud or unlawful design. There was no agreement that the Settling Defendants would testify either for or against Plaintiff. There was also no agreement made for the Plaintiff to litigate this matter against the remaining defendants for any more or less than any threshold figure.

**6.     CONCLUSION**

Based upon the foregoing, Defendants AERO Designs USA, Inc., JTR Sport, Inc., LHM Consulting, Inc., Ho Fai Lam, aka Chris Lam, and Ho Ming Lam, aka Opus Lam, respectfully request that the Court determine that the settlement between plaintiff Vision Autodynamics, Inc. and the Settling Defendants is in good faith and that the Settling Defendants AERO Designs USA, Inc., JTR Sport, Inc., LHM Consulting, Inc., Ho Fai Lam, aka Chris Lam and Ho Ming, aka Opus Lam, shall be dismissed from the action *with prejudice* and exempt from any further liability pursuant to *Code of Civil Procedure*, §877 and §877.6.

-12-

DEFENDANTS AERO DESIGNS USA, INC. ET AL'S APPLICATION FOR GOOD FAITH SETTLEMENT

1   DATED: July 25, 2014

2                             BERMEO & MERLUZA
                            RICARDO Y. MERLUZA

3                             A.H. CHAN LAW FIRM, PC
                            ALFRED H. CHAN

4

5                             By: */s/ Alfred H. Chan_____*

6                                  Attorneys for Defendants DESIGNS USA, INC., JTR SPORT, INC., a California corporation; LHM CONSULTING INC., a

7                                  California corporation; CHRIS LAM, an individual; and OPUS LAM, an individual

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS AERO DESIGNS USA, INC. ET AL'S APPLICATION FOR GOOD FAITH SETTLEMENT